Case No. 07-55873

# UNITED STATES COURT OF APPEALS

# FOR THE NINTH CIRCUIT

THEODORE MAROPULOS; et al.,
Plaintiffs/Appellees,

v.

COUNTY OF LOS ANGELES; et al.,
Defendants,
and
STEVE LANKFORD, Deputy,
Defendant/Appellant.

Appeal From The United States District Court
For The Central District of California
Honorable Terry J. Hatter, Jr.
Lower Court Docket No. CV 04-01171 TJH

## APPELLANT'S SUPPLEMENTAL BRIEF

DAVID D. LAWRENCE, STATE BAR NO. 123039
PAUL B. BEACH, STATE BAR NO. 166265
JIN S. CHOI, STATE BAR NO. 180270
RAYMOND W. SAKAI, STATE BAR NO. 193507
LAWRENCE BEACH ALLEN & CHOI, PC
100 West Broadway, Suite 1200
Glendale, California 91210
(818) 545-1925 Telephone
(818) 545-1937 Facsimile

Attorneys for Defendant/Appellant
STEVE LANKFORD

Case No. 07-55873

# UNITED STATES COURT OF APPEALS

# FOR THE NINTH CIRCUIT

THEODORE MAROPULOS; et al.,
Plaintiffs/Appellees,

v.

COUNTY OF LOS ANGELES; et al.,
Defendants,
and
STEVE LANKFORD, Deputy,
Defendant/Appellant.

Appeal From The United States District Court
For The Central District of California
Honorable Terry J. Hatter, Jr.
Lower Court Docket No. CV 04-01171 TJH

**APPELLANT'S SUPPLEMENTAL BRIEF**

I.

**INTRODUCTION.**

Defendant and Appellant Los Angeles County Sheriff's Department Deputy Steve Lankford ("Defendant") submits the following brief in response to the Court's January 28, 2009, order requesting supplemental briefing on the following issues: (1) whether the court has jurisdiction in light of the District Court's order and the issues raised on appeal under *Johnson v. Jones*, 515 U.S. 304 (1995) and *Behrens v. Pelletier*, 516 U.S. 299 (1996), and (2) the effect, if any, of *Pearson v. Callahan*, No. 07-751, 555 U.S. ___, 2009 WL 128768 (Jan. 21, 2009), on issues raised in this appeal.

As Defendant is seeking review of issues of law—did his alleged conduct violate clearly established law, in this case under the Fourth and Fourteenth Amendments, of which a reasonable person would have known—the Court has jurisdiction to hear the appeal. Moreover, in reviewing the denial of qualified immunity, based on the brevity of the District Court's order denying qualified immunity, the Court should review the record to determine what facts the District Court, in the light most favorable to the nonmoving party, likely assumed. Although Defendant's briefs' headings may lead the Court to believe that the issue

1

is of sufficiency of the evidence, over which the Court does not have jurisdiction, based on the underlying order, the focus is appropriately on what facts the District Court would have considered. Under this analysis, Defendant is entitled to qualified immunity on both prongs of the qualified immunity analysis.

*Pearson* clarifies the two prong qualified immunity analysis set fort in *Saucier v. Katz*, 533 U.S. 194 (2001), by providing courts the flexibility to determine which of the prongs should be addressed first. Here, application of the *Saucier's* sequential analysis is appropriate in reviewing Defendant's arguments.

## II.

## THIS COURT HAS JURIDICTION TO DETERMINE ISSUES OF LAW RELATING TO QUALIFIED IMMUNITY.

**A. Defendant Is Seeking Review Of Whether, Assuming All Disputed Facts In The Light Most Favorable To Plaintiffs, He Violated A Clearly Established Federal Right.**

Determinations of evidentiary sufficiency at summary judgment are not immediately appealable merely because they happen to arise in a

qualified immunity case. *Johnson v. Jones*, 515 U.S. 304, 313 (1995). Summary judgment determinations, however, are appealable when they resolve a dispute concerning an "abstract issu[e] of law" relating to qualified immunity, such as whether a federal right was violated or if that right was "clearly established." *Behrens v. Pelletier*, 516 U.S. 299, 313 (1996) (citations omitted).

Where disputed facts exist the court is not divested of jurisdiction over the qualified immunity appeal. Rather, the court may determine whether the denial of qualified immunity was appropriate by assuming that the version of the material facts asserted by the non-moving party is correct. *Jeffers v. Gomez*, 267 F.3d 895, 903 (9th Cir. 2001).

At issue here is whether, assuming the facts in the light most favorable to Plaintiffs, Defendant's alleged conduct violate clearly established law of which a reasonable person would have known. *See Schwenk v. Hartford*, 204 F.3d 1187, 1195 (9th Cir. 2000); *Knox v. Southwest Airlines*, 124 F.3d 1103, 1107 (9th Cir. 1997). Specifically, did Defendant's conduct, standing in front of Plaintiffs' residence (Fourth Amendment) (AOB[1], 16-17) and informing responding firefighters that he

---

[1] "AOB" refers herein to Appellant's Opening Brief.

3

did not believe anyone was in the residence (Fourteenth Amendment) (AOB, 26, 32-35), violate any constitutional right. *Pearson* at *6. Further, if there was a violation, was the law clearly established. *Id.* Both of these issues are proper matter for appellate review. *See Behrens* at 313.

**B.    BECAUSE THE DISTRICT COURT DID NOT MAKE ANY FACTUAL FINDINGS, THE COURT HAS JURISDICTION TO DETERMINE WHICH FACTS THE DISTRICT COURT ASSUMED IN REACHING ITS DECISION.**

The *Johnson* Court acknowledged that courts have appellate jurisdiction to determine which facts a district court relied on in deciding the legal issue of whether a defendant violated clearly established law. *Johnson* at 319. In *Johnson*, the defendants argued that circumstances may arise in which a district court makes no factual determinations in denying qualified immunity, and that in light of such a ruling a defendant will be required to review the factual record in detail in its brief and argue which facts the district court likely assumed in reaching its decision. *Id*. The Supreme Court agreed that such a circumstance might pose a problem under its holding and proposed that under such circumstances the court "may have to undertake a cumbersome review of the record to determine

4

what facts the district court, in the light most favorable to the nonmoving party, likely assumed." *Id*.

Because of this limitation on *Johnson*, the focus of the jurisdictional issue should not be on the arguments raised by a defendant in making an interlocutory appeal, but rather on the basis of the district court's order. *See*, *e.g.*, *Shanks v. AlliedSignal, Inc.*, 169 F.3d 988, 992 n.5 (5th Cir. 1999) (there is no appellate jurisdiction only when "the district court denie[s] a defendant's immunity-based summary judgment motion **because of disputed factual issues.**") (emphasis added). Where the district court makes specific factual findings, and qualified immunity is denied specifically on grounds that the evidence is sufficient to create a triable issue, there is no jurisdiction for the appeal based on sufficiency of the evidence. On the other hand, where a district court fails to identify the factual basis for its ruling (as the District Court did in this case), the fact that a defendant undertakes an examination of the factual record in its brief does not affect jurisdiction, because the defendant has no choice but to point the reviewing court to the facts it can most reasonably assume the district court relied on in deciding the legal issue of qualified immunity.

5

*Johnson* therefore does not put an end to any and all factual review by courts in qualified immunity appeals; there are circumstances where it may be necessary to conduct a review of the factual record to reach the legal issue, and for this purpose courts have jurisdiction. This limitation has been acknowledged and applied by the courts. In *Brown v. Armenti*, 247 F.3d 69, 77-78 (3d Cir. 2001), for example, the Third Circuit noted that "although the qualified immunity inquiry is primarily legal, 'some factual allegations . . . are necessary to resolve the immunity question.'" *Id*. at 77-78. Because of this, "*Johnson* does not foreclose an appellate court from scrutinizing the evidence put forward by the plaintiff following a qualified immunity summary judgment motion." *Id*. at 78. Similarly, in *Foy v. Holston*, 94 F.3d 1528, 1531 n.3 (11th Cir. 1996), the Eleventh Circuit noted that in *Johnson*, the Supreme Court "explained that where core qualified immunity issues are raised on appeal and where the district court fails to make findings of fact, the appellate court must undertake a review of the record to determine the facts in the light most favorable to the nonmoving party." *Id*.

In this case, the District Court summarily denied qualified immunity without first identifying the factual record on which it based its decision. Defendant has endeavored to identify the facts the District Court most likely relied upon by outlining the state of Plaintiffs' alleged facts. This is materially different from the situation in *Johnson*, where there was conflicting evidence as to a material factual issue. Therefore, this Court has jurisdiction to hear this case and, under *Johnson*, should undertake review of the record based on the state of the District Court's order denying qualified immunity.

### III.

### *PEARSON V. CALLAHAN* PROVIDES THE COURT WITH THE DISCRETION TO DETERMINE THE ORDER TO APPLY THE TWO-PRONGED QUALIFIED IMMNUITY ANALYSIS.

In *Pearson v. Callahan*, No. 07-751, 555 U.S. ___, 2009 WL 128768 (Jan. 21, 2009), the Supreme Court addressed the two-pronged qualified immunity analysis set forth in *Saucier v. Katz*, 533 U.S. 194 (2001), which was to first determine (a) whether the facts that the plaintiff has alleged or shown make out a constitutional violation, and (b) if so, whether the constitutional right at issue was clearly established at the time

of the violation. *Id.* at 201. The Supreme Court clarified *Saucier* to the extent that the rigid sequential two-prong "order of battle" is no longer mandatory. *Pearson*, at \*3. Now, courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Id.* at \*9

As such, apart from the providing the court with flexibility in the order of the qualified immunity analysis, *Pearson* does not greatly affect the issues raised on appeal. Under *Pearson*, the courts are still free to follow the *Saucier* sequence where, as here, it facilitates the expeditious disposition of a case. *Id.* ("Although we now hold that the Saucier protocol should not be regarded as mandatory in all cases, we continue to recognize that it is often beneficial.").

8

## IV.

## **CONCLUSION.**

For the foregoing reasons, this Court properly has jurisdiction over Defendant and Appellant Deputy Steve Lankford's qualified immunity appeal regarding issues of law. Defendant Lankford respectfully requests that this Court reverse the District Court's order denying him qualified immunity.

Dated: February 13, 2009     Respectfully submitted,

LAWRENCE BEACH ALLEN & CHOI, PC


By_____/s/_____
     Raymond W. Sakai
     Attorneys for Defendant/Appellant
     Steve Lankford

## CERTIFICATE OF SERVICE

I hereby certify that on February 13, 2009, I electronically filed the foregoing **APPELLANT'S SUPPLEMENTAL BRIEF** with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First Class Mail, postage prepaid, or have dispatched it to a third-party commercial carrier for delivery within three calendar days, to the following non-CM/ECF participants:

Dale K. Galipo, Esq.
Dale K. Galipo Law Offices
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367

s/_____
    Debra L. Ard