R E C E I V E D
MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FEB 1 3 2009

FILED_____
DOCKETED_____
                DATE        INITIAL

Case NO. 07-55873

# UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

---

THEODORE MAROPULOS; et al.,
Plaintiffs/Appellees,

v.

COUNTY OF LOS ANGELES; et al.,
Defendants
and
STEVE LANKFORD, Deputy
Defendant/Appellant.

---

Appeal From the United States District Court
For the Central District of California
Honorable Terry J. Hatter, Jr.
Lower Court Docket No. CV 04-01171 TJH

---

## APPELLEES' SUPPLEMENTAL BRIEF

---

## LAW OFFICES OF DALE K. GALIPO
DALE K. GALIPO, BAR NO. 144074
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367
(818) 347-3333

*Attorney for Plaintiffs and Appellees*

# I.

## INTRODUCTION

It is the appellees' contention that the Court of Appeals lacks jurisdiction to hear the issues raised in the instant interlocutory appeal. As more fully explained below, the Court of Appeals should not be put in the position of reviewing the sufficiency of the evidence on an interlocutory appeal of the district court's denial of defendant's motion for summary judgment. The appellant is specifically contending insufficiency of the evidence in the appellant's opening brief. This is improper in an interlocutory appeal. Further, given that there are disputed issues of fact and genuine issues, the Court of Appeals should not consider the claims raised in the instant interlocutory appeal and dismiss the appeal for lack of jurisdiction.

# II.

## THE COURT OF APPEALS LACKS JURISDICTION

## TO HEAR THE ISSUES RAISED IN THE INSTANT

## INTERLOCUTORY APPEAL

In <u>Johnson v. Jones</u> 515 U.S. 304, 313 -20 (1995) Justice Breyer held that the district court's determination that summary judgment record in qualified immunity case raised genuine issue of fact concerning officers' involvement in

2

alleged beating was not "final decision" within the meaning of appellate

jurisdiction statute and, therefore, was not immediately appealable. The general

rule is that interlocutory appeals in qualified immunity cases are only for abstract

legal issues. The possibility that parties claim immunity to obtain interlocutory

appeal or that reviewing courts could have difficulty separating appealable issue

of whether given set of fact violated clearly established principles of law from

unreviewable determination of whether facts were "genuine" or in dispute, does

not make this general rule unmanageable. The Supreme Court in *Johnson v.

Jones,* supra, specifically held that a defendant who is entitled to invoke a

qualified immunity defense may not appeal a district court's summary judgment

order insofar as that order determines whether or not the pretrial record sets forth a

"genuine" issue of fact for trial. Applying the holding of *Johnson v. Jones* to the

contentions raised in the instant interlocutory appeal, the Court of Appeals should

dismiss this interlocutory appeal for lack of jurisdiction. The appellant Steve

Lankford in his interlocutory appeal is requesting the Court of Appeals to

reconsider the sufficiency of the evidence presented in the district court and

whether there were triable issues of fact as to whether Deputy Lankford set fire to

the house. In denying Deputy Lankford's motion for summary judgment, the

district court clearly found that there were triable issues of fact or "genuine" issues

3

as to whether Deputy Lankford set fire to the plaintiffs' home and whether Deputy Lankford interfered with rescue efforts after fire personnel arrived at the scene. The district court implicitly found that there was sufficient evidence presented and that these genuine issues should be decided by a jury or a neutral fact finder.

The Court in <u>Johnson v. Jones</u> explained that three background principals guided the Court in its decision. First, 28 U.S.C. section 1291 grants appellate courts jurisdiction to hear appeals only from district court's "final decisions". Second, under <u>*Cohen v. Beneficial Industrial Loan Corp.*</u> 337 U.S. 541 (1949) and subsequent decisions, a "collateral order" amounts to an immediately appealable "final decision" under section 1291, even though the district court may have entered it long before the case has ended, if the order (1) conclusively determines the disputed question, (2) resolves an important issue completely separate from the merits of the action, and (3) will be effectively unreviewable on appeal from the final judgment. Third, the Supreme Court held in <u>*Mitchell v. Fersyth*</u>, 472, U.S. 511, 518 (1985) that a district court's order denying a defendant's summary judgment motion was an immediately appealable "collateral order" under <u>Cohen</u>, supra, where (1) the defendant was a public official asserting a qualified immunity defense and (2) the issue appeal concerned, not which facts the parties might be able to prove, but rather whether or not certain given facts show a violation of

4

"clearly established" law.

The Supreme Court in *Johnson v. Jones* went on to explain that the order of the district court was not appealable in an interlocutory appeal for three reasons. First, the Court of Appeal cannot consider on interlocutory appeal the district court's denial of a claim of qualified immunity where there are disputed issues of material fact or genuine issues. Rather, the Court of Appeal on interlocutory appeal can only consider the purely legal issue of what law was "clearly established". Second, the Court of Appeal does not have jurisdiction on an interlocutory appeal to consider the sufficiency of the evidence. Third, the Supreme Court stated "[T]he competing considerations underlying questions of finality - the inconvenience and costs of piecemeal review, the danger of denying justice by delay, the comparative expertise of trial and appellate courts, and the wise use of appellate resources - argue against extending <u>Mitchell</u> to encompass orders of the kind at issue and in favor of limiting interlocutory appeals of "qualified immunity" matters to cases presenting more abstract issues of law". The Supreme Court specifically held in *Johnson v. Jones* that a reviewing court cannot consider on interlocutory appeal the question of "evidence sufficiency" or to review an underlying factual matter.

In *Behrens v. Pelletier* 516 U.S. 299, 312-13 (1996), a managing officer of

5

a bank filed a <u>Bivens</u> action against a supervisory agent of the Federal Home Loan

Bank Board. The agent filed a motion to dismiss which was denied by the district

court. The agent filed an immediate appeal of the district court's denial of the

qualified immunity ruling on the motion to dismiss. The Court of Appeals for the

Ninth Circuit found the officer adequately stated a <u>Bivens</u> claim. The agent

subsequently filed a motion for summary judgment on qualified immunity

grounds. The district court denied the agent's motion for summary judgment. The

agent again filed an interlocutory appeal of the district court's denial of the

qualified immunity claim. The Court of Appeals dismissed the appeal for lack of

jurisdiction. Certiorari was granted. The Supreme Court, Justice Scalia, reversed

holding that denial of summary judgment on grounds of qualified immunity was

an appealable final judgment and that the existence of material fact issues

remaining for trial did not necessarily preclude appeal. Justice Breyer filed a

dissenting opinion in which Justice Stevens joined.

The Court in <u>Behrens</u> explains that the district court's denial of a claim of

qualified immunity, to the extent that it turns on an issue of law, is an appealable

"final decision" within the meaning of the statute 28 U.S.C. section 1291. The

Court noted that the issue on qualified immunity is whether a reasonable person

would have known that their conduct would have violated clearly established law.

6

The Court in <u>Behrens</u> clarified that the existence of material fact issues remaining for trial did not bar a defendant's appeal from denial of summary judgment motion based on qualified immunity which rules on issue of law. Distinguishing the <u>Behrens</u> case from the instant appeal, the appellant is requesting the Court of Appeals not to just decide an issue of law, but to rule on the sufficiency of evidence before the district court. This is not appropriate on interlocutory appeals. Further, it cannot be reasonable disputed that Deputy Lankford did not know that setting someone's house on fire and then interfering with rescue effort was against the law. Therefore, this Court should dismiss the instant interlocutory appeal for lack of jurisdiction.

The Court in <u>Behrens</u> confirms that its interpretation of the holding in *Johnson v. Jones* is that the determination of evidentiary sufficiency at summary judgment is not immediately appealable merely because they happen to arise in a qualified immunity case. The Court in <u>Behrens</u> noted that if what is at issue in the sufficiency determination is nothing more than whether the evidence could support a finding that particular conduct occurred, the question decided is not truly "separable" from the plaintiff' claim, and hence there is no "final decision" under <u>Cohen</u> and <u>Mitchell</u>. Therefore, under both <u>Johnson</u> and <u>Behrens</u>, the instant interlocutory appeal should be dismissed for lack of jurisdiction to review the

7

sufficiency of the evidence in support of the "genuine issues", which is exactly

what the appellant is asking the Court of Appeals to do in this interlocutory

appeal.

## III.

## THE CASE OF PEARSON v. CALLAHAN

## SHOULD NOT HAVE AN EFFECT ON THE INSTANT APPEAL

The recent case of *Pearson v. Callahan*, No. 07-751, 551 U.S. _____, 2009

WL 128768 (January 21, 2009) should not have an effect on the instant appeal.

The Court in *Pearson v. Callahan* supra, merely gave the Court of Appeals some

discretion and flexibility in deciding the qualified immunity issue. The Court of

Appeals does not necessarily have to follow the two steps approach outlined in

*Saucier v. Katz*, 533 U.S. 194, 121 (2001). Rather, the Court of Appeals may in its

discretion determine if the law was clearly established before determining whether

a constitutional violation has taken place. In the appellant's brief, the appellant

does not contend that setting one's house on fire was not clearly established law.

Obviously, any reasonable person, especially a law enforcement officer, would

know that intentionally setting one's house on fire is against the law. Therefore,

the case of _Pearson v. Callahan_, supra, should not have any effect on the issues

raised on the instant appeal and the Court of Appeals should still dismiss or deny

the instant interlocutory appeal.

## IV.

## ARGUMENT

In the argument section of the appellant's opening brief, the appellant

contends that the "plaintiffs did not present any evidence to create a triable issue

as to whether Deputy Lankford set fire to their "house".  Clearly, the district court

found that the plaintiffs did present sufficient evidence to create a triable issue as

to whether Deputy Lankford set fire to the house and denied the defendant's

summary judgment motion on that basis. As discussed above, the Court of Appeals

should not be addressing the issue of sufficiency of the evidence on an

interlocutory appeal of a district court's denial of a qualified immunity claim on

summary judgment.  The appellant goes on to argue in his opening brief that there

is sufficient evidence of proximate causation and conscience shocking conduct.

9

Again, the appellant is improperly asking the Court of Appeals to consider the

sufficiency of the evidence on interlocutory appeal. Certainly, it should not be

surprising to the defendant that the district court found that Deputy Lankford's

setting fire to the plaintiff's house to be against the law. The appellant lastly

argues in his opening brief that Deputy Lankford's alleged conduct did not violate

clearly established Fourteenth Amendment law regarding the providing of

protective services. The appellees disagree with this contention on interlocutory

appeal for two reasons. First, the law was clearly established. Second, there are

disputed issues of fact as to whether Deputy Lankford intentionally interfered with

the rescue efforts of the emergency personnel on the scene after he intentionally

set fire to the plaintiff's home.

/ / /

/ / /

/ / /

10

## V.

## <u>CONCLUSION</u>

For all the foregoing reasons, it is respectfully requested that the Court of Appeals dismiss the instant interlocutory appeal for lack of jurisdiction and remand the matter back to the district court for further proceedings.


Dated: February 12, 2009                    Respectfully submitted,


                                            DALE K. GALIPO
                                            Attorney for Appellees

<u>PROOF OF SERVICE</u>
STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California and am over the age of eighteen years and not a party to the within action. My business address is 21800 Burbank Boulevard, Suite 310, Woodland Hills, California 91367.

On February 12, 2009, I served the foregoing document described as  on all **APPELLEES' SUPPLEMENTAL BRIEF** on interested parties, through their respective attorneys of record in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follow:

**PLEASE SEE ATTACHED MAILING LIST**

<u>METHOD OF SERVICE</u>

 XX  **(BY MAIL)**   I caused such envelope(s) fully prepaid to be placed in the United States mail at Woodland Hills, California.  I am "readily familiar" with the firm's practice of collection and processing correspondence or mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Woodland Hills, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

___  **(BY FACSIMILE)** I caused such document (s) to be telephonically transmitted to the offices of the addressee.

_  (State) I declare under penalty of perjury that the above is  true and correct.

XX_  (Federal) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on February 12, 2009 at Woodland Hills, California.

Sandra Vidal-Conde

12

MAILING LIST

Raymond W. Sakai, Esq.
FRANSCELL, STRICKLAND, ROBERTS & LAWRENCE, P.C.
100 West Broadway, Suite 1200
Glendale, California 91201
Attorney for Defendant/Appellant
Deputy Steve Lankford


Clerk of the Court
U.S. Court of Appeals Building
95 Seventh Street
San Francisco, California 94103